UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DON BURT,

    Petitioner,

v.                                              Case No. 3:20-cv-3-LC-MJF

CHAD POPPELL,
Secretary, Florida Department of Children and
Families,

    Respondent.
_____/

# REPORT AND RECOMMENDATION

Petitioner Don Burt has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 4). Respondent ("the State") moves to dismiss the petition for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and because the petition is untimely. (Doc. 10). Burt has not responded to the motion despite receiving notice and the opportunity to do so. (Doc. 11).[1] The undersigned concludes that this action should be dismissed for lack of subject matter jurisdiction.[2]

---

[1] Burt's response deadline expired on July 2, 2020.

[2] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)

## I.  Background and Procedural History

Burt is a Florida Civil Commitment Center ("FCCC") detainee who is confined pursuant to Florida's Involuntary Civil Commitment of Sexually Violent Predators Act, Fla. Stat. §§ 394.910 - 394.932 ("SVP Act"). On September 23, 2014, in Okaloosa County Circuit Court Case No. 4614-CA-3324, Burt was adjudicated a sexually violent predator within the meaning of the SVP Act, and committed to the custody of the Florida Department of Children and Family Services. (Doc. 10, Ex. 2). The Florida First District Court of Appeal ("First DCA") affirmed the judgment on December 16, 2015, in a per curiam decision with a case citation. *Burt v. State*, 178 So. 3d 554 (Fla. 1st DCA 2015) (mem.) (per curiam).[3]

Over two years later, on December 21, 2017, Burt filed a counseled pleading in the state circuit court titled "Motion to Dismiss Civil Commitment Petition for Lack of Subject Matter Jurisdiction, Remove Sexual Predator Designation and Release Respondent from Residential Treatment." (Doc. 10, Ex. 4). Burt argued that the state circuit court lacked jurisdiction to adjudicate the commitment petition, because he was not in lawful custody under section 394.9135(1), Florida Statues— as interpreted by the Florida Supreme Court and intermediate state appellate

---

[3] The First DCA's decision reads: "AFFIRMED. *See Abaunza v. State*, No. 1D14-4181, 2015 WL 8519504 (Fla. 1st DCA December 11, 2015)."

courts—when the State initiated his commitment proceeding in 2014. (Doc. 10, Ex. 4 (discussing *Latimore v. State*, 2 So. 3d 101 (Fla. 2008), and *State v. Phillips*, 119 So. 3d 1233 (Fla. 2013))).

The state circuit court denied the motion on March 15, 2018. (Doc. 10, Ex. 5). On July 13, 2018, Burt filed a counseled petition for writ of prohibition in the First DCA, claiming that the circuit court improperly denied his motion to dismiss. (Doc. 10, Ex. 6). On November 9, 2018, the First DCA denied the petition *per curiam* and without a written opinion. *Burt v. State*, 257 So. 3d 112 (Fla. 1st DCA 2018) (Table) (copy at Doc. 10, Ex. 8).

Burt filed his federal habeas petition on December 31, 2019, which he later amended. (Docs. 1, 4). Burt's amended petition raises one claim: "The Trial Court Lacked Subject Matter Jurisdiction to Civil [sic] Commit The Petitioner." (Doc. 4 at 9). Burt raises the same argument he presented to the state courts. (*Id*. at 9-10). The State asserts that the petition should be dismissed because (1) Burt does not claim that he is in custody in violation of the Constitution; (2) Burt's claim raises a purely state law issue; and (3) Burt's petition was filed outside the one-year limitations period provided in 28 U.S.C. § 2244(d). (Doc. 10).

## II.     Lack of Subject Matter Jurisdiction

Section 2254 provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

28 U.S.C. § 2254(a) (2019) (emphasis added); *see Engle v. Isaac*, 456 U.S. 107, 119 (1982) ("A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'"). "This provision, like the corresponding general jurisdictional grant applying to habeas corpus, limits habeas relief to violations of the Constitution or laws or treaties of the United States." *United States ex rel. Hoover v. Franzen*, 669 F.2d 433, 436 (7th Cir. 1982) (citing 28 U.S.C. § 2241(c)(3)).[4] "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." *Engle*, 456 U.S. at 120 n.19; *see also id.* at 121 n.21 ("We have long recognized that a mere error of state law is not a denial of due process. If the contrary were true, then every

---

[4] 28 U.S.C. § 2241(c)(3) (2019) provides:

> The writ of habeas corpus shall not extend to a prisoner unless-
>     . . . .
>
> (3)     He is in custody in violation of the Constitution or laws or treaties of the United States.

erroneous decision by a state court on state law would come to this Court as a federal constitutional question.") (internal quotation marks and citations omitted).

Burt claims that he is entitled to habeas relief because he was not "in lawful custody" as defined by Florida's SVP Act when the State initiated the commitment proceeding, and, therefore, the state court lacked jurisdiction to adjudicate the commitment petition. This claim raises a purely state-law question. The United States Supreme Court "ha[s] repeatedly held that federal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (collecting cases). "Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." *Id.* at 1; *see also Id.* at 5 ("[I]t is only noncompliance with *federal* law that renders a State's criminal [or civil commitment] judgment susceptible to collateral attack in the federal courts."). Because this court lacks the power to issue the writ of habeas corpus on Burt's state-law claim, his petition must be dismissed.[5]

### III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

---

[5] Because the jurisdictional question is dispositive of this case, the undersigned expresses no opinion on the State's statute of limitations defense.

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED** based on lack of subject matter jurisdiction.

2. Petitioner's amended petition for writ of habeas corpus (Doc. 4), be **DISMISSED** for lack of subject matter jurisdiction.

3. The clerk of court close this case file.[6]

At Panama City, Florida, this 29th day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[6] The undersigned makes no recommendation concerning a certificate of appealability, because a "COA is not required . . . to review a district court's dismissal of a habeas petition for lack of subject matter jurisdiction." *Gill v. Warden*, 801 F. App'x 676, 679 (11th Cir. 2020) (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).